IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY T. STRINGHAM, | No. CIV S-08-1064-JAM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| M. KNOWLES, et al., | |
| Respondents. | |
| _____/ | |

   Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 12) this petition as untimely and because petitioner's claims are unexhausted.

**I.  BACKGROUND**

   Petitioner was convicted of murder, kidnapping, and false imprisonment and sentenced to a life in prison.  At a 2004 parole hearing, the Board of Prison Terms ("Board") determined that petitioner was not eligible for parole.  On January 1, 2005, petitioner filed a habeas corpus petition in the Solano County Superior Court challenging the denial of parole.  That petition was denied April 13, 2005.  On May 23, 2005, petitioner filed a petition in the

California Court of Appeal raising the same claims. That petition was denied on June 2, 2005. Petitioner has not raised any claims challenging the denial of parole in 2004 to the California Supreme Court.

Petitioner filed another habeas petition in the Solano County Superior Court on February 20, 2007, challenging his underlying sentence. That petition was denied on June 20, 2007. Petitioner then raised this sentence challenge claim in the California Court of Appeal. That petition was denied on September 20, 2007. Finally, in October 2007 petitioner raised his sentence challenge claim to the California Supreme Court. The California Supreme Court denied relief on March 19, 2008.

The instant federal petition was filed on May 16, 2008. Petitioner raises the following claims: (1) violation of Sixth Amendment right to jury trial as to sentencing enhancement; (2) Ex Post facto violation as to "added punishment beyond what Petitioner was originally sentenced to"; and (3) "Fourteenth Amendment's Due Process of Law Clause enforcement of Ex Post facto and Sixth Amendment protections in compliance with Federal Constitution by State authorities."

## II. DISCUSSION

Respondents argue that the current petition is untimely and raises unexhausted claims.[1]

### A. Exhaustion

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in

---

[1] Respondents also argue that one of petitioner's claims is not cognizable because it is based on violation of state law.

two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

       Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

       In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

1  reading a lower court opinion in the case.  See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

2  Respondents argue that petitioner has not exhausted his state court remedies as to
3  any of the three claims raised in the current federal petition.  They note that petitioner has filed
4  only two cases in the California Supreme Court.  The first, filed in 2002, related to a state law
5  requirement that he submit a blood sample to prison officials.  The second is the habeas petition
6  referenced above he filed in late 2007.  As to this petition, respondents argue:

> . . . In the second, filed in 2007, Stringham simply stated that the "Trial court imposed illegal sentence and enhancement and prison system illegally imposed additional terms not imposed by jury and judge's verdict(s)." (citation to exhibits omitted).  This statement, without more, is insufficient to constitute exhaustion of any of his claims.   First he does not include any language that could conceivably challenge the Board's authority to deny him parole base on his failure to rehabilitate. (footnote omitted).  Second, his general allegation that the trial court imposed an illegal sentence and that the prison system "illegally imposed additional terms" did not provide the California Supreme Court with either sufficient facts or a legal theory as to why or how his sentence was illegal or how prison officials had impose an additional term. (citation to exhibits omitted).

14  Citing Anderson v. Harless, 459 U.S. 4 (1982), respondents conclude that petitioner's 2007
15  petition did not provide the California Supreme Court "a 'fair opportunity' to apply controlling
16  legal principles to the facts bearing upon his constitutional claim."

17  Clearly, the 2002 California Supreme Court petition challenging the requirement
18  that he provide a blood sample to prison officials bears no relationship to the claims raised in the
19  current federal petition.  As to the 2007 California Supreme Court case, a review of the exhibits
20  provided by respondents reveals that petitioner's only claims was as outlined by respondents.  In
21  support of this claim, petitioner stated: "Please review foregoing Petition for Writ of Habeas
22  Corpus Ad Subjuciendum for all issues raised, including petition in to Court of Appeal."  No
23  supporting memorandum or documents were attached to the 2007 California Supreme Court
24  petition, which was denied without comment or citation.  Petitioner does not dispute these facts,
25  and the court agrees with respondents that the 2007 California Supreme Court petition was
26  insufficient to exhaust any of this claims.  Specifically, it did not outline facts or legal theories

4

which could have allowed the California Supreme Court to adjudicate any federal constitutional claims.

In his opposition, petitioner argues that he originally attempted to raise his claims in the California Supreme Court in 2005 but that his petition "never made it to where is supposed to go, and it appears it never even made it into the United States mail pursuant to institutional policy." He adds:

> . . .And, since Petitioner submitted his writ of habeas corpus to whom he believed to be an Officer of the Court on June 13, 2005, i.e., a Correctional Officer at the CMF with Peace Officer recognition, for processing through the California Supreme Court, Petitioner did give the state the required opportunity to correct their mistakes before bringing this writ into the federal court(s).

Petitioner also states in his opposition that there was an additional page to the 2007 California Supreme Court petition which "was not stamped with the file stamp" but was "signed under penalty of perjury and dated the same date. . . ." According to petitioner, this additional page stated:

> Petitioner Guy T. Stringham, a pro se litigant, was served on September 2,5 2007, with notice his petition for Writ of Habeas Corpus was denied in the Court of Appeal on September 20, 2007, and hereby reiterates all issues raised in the county superior courts and the Court of Appeal.  This Court should take special notice of the issues raised in the Court of Appeal in regard to the illegal interpretation of Petitioner's sentence(s).

He also states that he did in fact attach exhibits to the 2007 California Supreme Court petition. Specifically, he states he attached a copy of the United States Supreme Court's decision in Cunningham v. California, 127 S.Ct. 856 (Jan. 22, 2007), a copy of the underlying abstract of criminal judgment, a copy of an April 1987 probation report, and copies of earlier state court decisions denying his claims.  He also states: "The legal supports are federal and state statutes with case laws quoted throughout the petition."  Petitioner adds: "Perhaps respondents don't recognize that by reiterating the previous petition in the higher court(s), all issues previously raised are attached and included in the recent petition."  Petitioner attaches to his opposition

various documents purportedly filed in the California Supreme Court.  These documents bear a signature date of June 13, 2005, and are not file stamped.

Petitioner's arguments and attachments do not change the court's conclusion that petitioner failed to exhaust his claims.  First, assuming that petitioner attempted to file a petition in the California Supreme Court in June 2005 as he states, that petition was in fact never filed.  Whether due to "institutional policy" or some malfeasance on the part of prison officials or not, the fact remains that no petition was every properly filed in the California Supreme Court in 2005.[3]  Further, even had the petition been filed in 2005, and had the petition contained the statements and documentation petitioner says it did, it still would not have been sufficient to exhaust his claims.  In particular, as with the 2007 petition, petitioner references lower court opinions in support of his claims.  As stated above, the exhaustion requirement is not satisfied where the court must look to lower court opinions.  See Baldwin, 541 U.S. at 32.

### B.  Timeliness

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

/ / /

/ / /

---

[3]  Petitioner's claims of improper conduct on the part of prison officials would potentially be the subject of a separate civil rights claim under 42 U.S.C. § 1983.  The court expresses no opinion on whether such an action would be cognizable or timely.

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

In cases involving a challenge to the denial of parole, the statute of limitations begins to run on the date that parole is denied.  See Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003).  In cases challenging prison disciplinary proceedings, the limitation period begins to run the day after the petitioner receives notice of final denial of his administrative appeals.  See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).  There is a presumption, which the petitioner may rebut, that notice was received the day the denial was issued.  See Valdez v. Horel, 2007 WL 2344899 (E.D. Cal. 2007).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is

properly filed).  A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period.  See Nino, 1983 F.3d at 1006-07.

Respondents argue:

> . . . According to Stringham, CDCR recalculated his determinate prison term from eight years to eleven years in August 2003. (citation to petition and exhibits omitted).  Thus, Stringham became aware of the factual predicate of his claim in August 2003 when the recalculation occurred. (footnote omitted).  Stringham, however, did not challenge the recalculation until almost two years later when he filed a habeas petition in . . . May 2005. (citation to exhibits omitted).

Based on this, respondents conclude that petitioner's second claim in the current petition is untimely.  As to the first claim, respondents argue:

> Stringham's claim that the Board may not deny him parole release based on his failure to rehabilitate is also untimely.  The Board held Stringham's initial parole consideration hearing on October 25, 2001.

> (citation to exhibits omitted). The Board found him unsuitable for parole and issued a three-year denial. (citation to exhibits omitted). Stringham would, therefore, have been aware of the criteria the Board used in determining his parole suitability as early as October 25, 2001. . . .

Respondents conclude that the one-year limitations period for the parole challenge claim began to run on June 11, 2002, which is the date petitioner's administrative grievance process relating to the 2001 parole denial was completed. Respondents argue that this claim is untimely because petitioner "did not challenge the Board's criteria for determining his parole suitability until he filed this Petition on May 16, 2008, almost six years later."

In his opposition, petitioner references the problems he had in 2005 with submitting a petition to the California Supreme Court and argues that he is entitled to equitable tolling due to circumstances beyond his control. Because the statute of limitations under AEDPA is not jurisdictional, it is subject to traditional equitable tolling principles. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

The court does not agree that petitioner is entitled to any equitable tolling because he has not demonstrated diligence in pursuing his rights. Specifically, he states that "[b]y the time Petitioner checked on the progress of the writ, the AEDPA time constraint had lapst [sic]. . . ." He does not state, however, why he did not request that file-stamped copies of his 2005 petition be returned by the court, or what efforts he took to ascertain the status of his filing. Moreover, he says that the one-year limitations period had expired by the time he learned that his 2005 petition had not been filed in the California Supreme Court. Assuming for the moment that the limitations period began to run as late as June 2, 2005 – the date his petition

///

was denied by the Court of Appeal[4] – it would have lapsed a year later on June 2, 2006. Petitioner does not offer any kind of explanation as to what he did to pursue his rights during this period. Nor does he offer any explanation as to why he then waited until February 2007 to begin the state court process again.

        Petitioner also argues that respondents are incorrect as to the date when he learned of the factual predicate of his claims. He argues:

> . . . The facts are that under state law, i.e., California Penal Code (PC) § 1170, there are no applicable conditions <u>for</u> parole, either in 2001, 2004, or 2007. But, respondents seem to believe the conditions reviewed at each hearing never change and therefore the requirements never do either. This is simply not true. . . . (emphasis in original).[5]

This argument is unpersuasive. Again, assuming for the moment that the one-year limitations period began to run as late as June 2, 2005 (the date the Court of Appeal denied his first round of state court actions), and that he is entitled to statutory tolling from February 20, 2007, through March 19, 2008 (the period his second round of state court actions was pending), petitioner has not offered any explanation for the delay between June 2005 and February 2007, the one-year limitations period during this 20-month span of time.[6]

/ / /

/ / /

/ / /

/ / /

---

    [4]    This gives petitioner the benefit of the doubt by providing the maximum amount of possible statutory tolling for the time his first round of state court actions was pending. It also does not count against petitioner any time between discovery of the factual predicate of his claims and initiation of his first round of state court actions in January 2005.

    [5]    It appears from this that petitioner was also denied parole in 2007. This would be consistent with a three-year denial in 2004.

    [6]    Petitioner concedes as much when he states in his opposition that the statute of limitations had expired by the time he learned that his 2005 petition had never been filed in the California Supreme Court which, at the latest, would have been in February 2007 preceding of his second round of state court actions.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondents' motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 9, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE